UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY B., <br><br> Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:22-CV-01416 <br><br> ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

Plaintiff filed an application for DIB on April 25, 2019, alleging a disability onset date of March 1, 2018. AR 44. As of the date of onset, plaintiff would have been 51 years of age. AR 232.

The ALJ found plaintiff had the residual functional capacity, in relevant part: "to perform light work . . .[h]e can frequently climb ramps and stairs." AR 22. The ALJ also found plaintiff would be able to frequently "climb ladders, ropes, or scaffolds", and "stoop, kneel, crouch, and crawl". *Id.* The ALJ determined plaintiff would be able to

"understand, remember, and carry out simple, routine tasks", he could not perform "tandem tasks", and he would be able to "occasionally and superficially interact with the public." AR 22. To define "superficial interaction" the ALJ described it as "work that does not involve any work tasks such as arbitration, negotiation, confrontation, being responsible for the safety of others, or directing the work of others." *Id*. The ALJ also made a finding that "he can frequently finger on the right.". AR 22.

## ISSUES

1. Whether the Court should reverse and remand for an award of benefits when the parties agree the ALJ harmfully erred by rejecting Dr. Genthe's opinion concerning plaintiff's psychological limitations, and harmfully erred by discounting plaintiff's statements about symptoms and limitations.

## DISCUSSION

Plaintiff asserts, and the defendant concedes, the ALJ erred by failing to provide adequate reasoning for discounting the opinions and evaluation by Dr. Thomas Genthe, Ph.D., Licensed Psychologist. Dkt. 8, Plaintiff's Opening Brief; Dkt. 16, Defendant's Brief. The defendant also agrees with plaintiff's contentions that the ALJ harmfully erred in discounting plaintiff's statements about symptoms and limitations. Dkt. 16, Defendant's Brief, at 2. Plaintiff contends the appropriate remedy is to reverse and remand for award of benefits. Dkt. 18, Plaintiff's Reply. The Defendant asserts that a remand for further proceedings is appropriate. Dkt. 16.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

"'The decision whether to remand a case for additional evidence, or simply to award benefits [,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly

3

discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045.

Here, plaintiff asks that the Court remand for an award of benefits based on the ALJ's errors in evaluating the medical opinion evidence and plaintiff's testimony. Plaintiff argues the Medical Vocational Guidelines require a finding of disability for a person that is over the age of 50, limited to unskilled work, or has no transferable skills from past work. Dkt. 8, Opening Brief, at 18; Dkt. 18, Reply Brief, at 1.

The parties agree the ALJ committed harmful error. The questions to be addressed are whether there is ambiguity in the record, whether to credit the evidence of Dr. Genthe's opinion and plaintiff's statements about symptoms and limitations as true, and – if the evidence is credited, would the ALJ be required to find the plaintiff disabled. *See, Dominguez v. Colvin,* 808 F.3d 403, 409 (9th Cir. 2015) (Court must consider whether the record is fully developed and whether ambiguity exists before engaging in the credit-as-true analysis); *Trevizo*, 871 F.3d at 682-83; *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1101, 1104-1107 (9th Cir. 2014) (Court is required to remand for additional proceedings when there is conflicting evidence, essential factual issues are unresolved).

Dr. Genthe evaluated plaintiff, on behalf of Washington Department of Social and Health Services, on October 22, 2019. AR 724. Dr. Genthe diagnosed plaintiff with

"Post-Traumatic Stress Disorder" and determined that plaintiff "is unlikely to function adequately, and/or consistently in a work setting until his psychological symptoms have been managed more effectively." AR 728. Dr. Genthe found plaintiff's ability to ask questions and accept instructions was "fair to poor"; his ability to get along with peers or coworkers was "fair to poor", and his ability to respond to criticism from supervisors in an appropriate manner would be "fair to poor". AR 728. Plaintiff would be able to understand and remember short, simple instructions, and carry out such instructions in a reasonable time – but would not be able to understand and remember detailed instructions, or carry out those instructions in a reasonable time. *Id.* For a brief time, he would be able to maintain attention and concentration – but not for extended periods. *Id.* Plaintiff would not be likely to respond appropriately to changes in work setting, but he would be able to perform simple work-like activities at a consistent pace. With these criteria, Dr. Genthe opined plaintiff would be able to maintain a regular work schedule and complete a normal 40-hour workweek. *Id.*

Plaintiff's testimony included statements about his limitations regarding standing or walking, severe neuropathy of both feet, and instability of balance and gait, due to diabetes. AR 277. In addition, plaintiff testified he had knee pain that required him to use knee braces and a cane, and for the three years leading up to the hearing, he could only stand or walk for 20 minutes at most; after any walking he would need to sit with his feet up for 30 minutes -- due to injuries from military service in the United States Army, Airborne Infantry. AR 55-57. His hands, and fingers, both left and right, were also affected by muscle weakness, right hand trigger finger, popping and clicking, tingling, swelling, and joint stiffness. AR 277. Starting in March 2018 (the alleged date of onset),

he could not hold anything – if he tried holding a cup it would slide out of his hands. AR 55-59.

There is ambiguity in the record; the ALJ would not necessarily have been required to find plaintiff was disabled. The defendant argues that other opinions of medical professionals concerning plaintiff's mental condition found less serious symptoms and fewer limitations. AR 88-90, 101-105 (opinions of Dr. Comrie, Dr. Donahue). There is a difference of opinion shown in the medical opinion evidence and this may be considered an ambiguity; the Court nevertheless reviews the other issue for which the defendant has conceded error – plaintiff's statements about his limitations.

If the statements of plaintiff are credited as true, plaintiff argues, he would not be able to do any future work, because of his mobility problems due to severe neuropathy in both feet, knee pain and swelling, and inability to use his hands for light work, he would "age out" of the Medical Vocational Guidelines grid. Plaintiff asserts the ALJ would be required to find plaintiff disabled on remand. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits."). The ALJ provided for some of the movement limitations concerning diabetic neuropathy of the lower extremities in the RFC – but the ALJ found plaintiff would be able to perform occupations such as office helper and marker – and these occupations require the use of hands and fingering. AR 72-74; *see, Dictionary of Occupational Titles,* Department of Labor, (1991, 4th ed., Revised): Office Helper, DICOT 239.567-010, Marker, DICOT 209.587-034.

In applying the Grid Rules, an ALJ considers the claimant's age as one of the relevant vocational factors. 20 C.F.R. § 404.1563(a). A claimant can be classified in one of three categories: (1) younger person (ages 18-49), (2) a person closely approaching advanced age (ages 50-54), or (3) a person of advanced age (age 55 or older). 20 C.F.R. § 404.1563(c)-(e). *See generally, Heckler v. Campbell*, 461 U.S. 458, 460–62 (1983) (discussing creation and purpose of the grid rules). 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rules 202.06, 202.14.

If a claimant cannot perform past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to the Commissioner's Medical-Vocational Guidelines (the "Grids"). *See Tackett*, 180 F.3d at 1100-1101.

The Grids may be used if they "*completely and accurately* represent a claimant's limitations." *Tackett*, 180 F.3d at 1101 (emphasis in original). In this case, the medical record contains ambiguity concerning plaintiff's ability to use his hands and fingers. Although he had surgery to release a trigger finger on the right hand on June 24, 2019 (AR 712-722), before and after surgery there is no indication that both hands were impaired, or that the right hand was so painful that plaintiff was unable to work with his hands. See AR 646 (steroid injection of right hand on 12-27-2018), AR 680 (noting x-ray of right hand on 12-27-2018); AR 841 (follow up after surgery, notes dated 7-3-2019 indicating that plaintiff was able to use his right hand); and AR 951 (plaintiff states he is having trouble opening things because both hands are swelling, notes dated 2-25-

2021). Dr. Tuason, a state agency consultant, noted that plaintiff had some limitation with the right hand, but could nevertheless "perform fine manipulation frequently during an 8 hour work day". AR 87.

Grid Rule 201.16 states that an individual between the ages of 50 and 54 limited to sedentary work, with an education of high school graduate or more that provides for direct entry into skilled work, is not disabled. 20 C.F.R. § Pt. 404, Subpt. P, App. 2, § 201.16. In addition, grid rule 201.12, provides that individuals closely approaching advanced age, and limited to sedentary unskilled work, are presumptively disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.12. Plaintiff had a high school education (AR 278), but Grid Rule 201.16 would not apply because plaintiff would not have been able to directly enter skilled work; his past work was unskilled, and the ALJ found he would not be able to return to that work. AR 31.

In plaintiff's situation, if the record was not ambiguous, the Court would accept as true his testimony about inability to use hands and fingers for reaching, fingering, or grasping. But here there is ambiguity in the medical records. If plaintiff was limited to sedentary unskilled work due to his limitations (concerning, for example, reaching, fingering, and grasping), then the ALJ may be required to find plaintiff is disabled, using the Grid Rules. Under Grid rule 201.12, individuals such as plaintiff, closely approaching advanced age (the record indicates he was 51 years of age on the alleged date of onset and 54 years of age on the date last insured, AR 31, 232), if they are limited to sedentary unskilled work, are presumptively disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.12.

Plaintiff testified that his hands, and fingers, both left and right, were affected by muscle weakness, trigger finger, popping and clicking, tingling, swelling, and joint stiffness. AR 55-59, 277. He asserted that in March 2018 (the alleged date of onset), he could not hold anything – if he tried holding a cup it would slide out of his hands. AR 55-59. Yet there is ambiguity in the record about whether plaintiff's medical treatment and results of evaluations are inconsistent, or are consistent, with plaintiff's testimony. Accordingly, remand for further proceedings is the appropriate remedy.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. There is ambiguity in the record with respect to the medical evidence concerning work-related limitations associated with plaintiff's conditions. Therefore, the ALJ's decision is reversed and remanded for further proceedings. On remand, the Commissioner should conduct a de novo hearing to take additional evidence, re-evaluate the five-step process and consider whether plaintiff is or is not disabled, and, as appropriate -- apply the Grid Rules, or evaluate the evidence under other relevant criteria.

Dated this 18th day of August, 2023.

Theresa L. Fricke
United States Magistrate Judge